IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEOPHAS GAINES, Jr., #B85683, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 22-cv-01112-JPG |
| JACKSON COUNTY SHERIFF'S OFFICE, LARANA HILL, KYLE SPRADLING, and GARY RUSHING, | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Cleophas Gaines, Jr., an inmate in the Illinois Department of Corrections ("IDOC") and currently incarcerated in Dixon Correctional Center, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his detention at Jackson County Jail. He originally filed the Complaint in the United States District Court for the Northern District of Illinois, and the case was transferred to this District. *Gaines, Jr., v. Jackson County Sheriff's Office, et al.*, Case No. 22-cv-50164 (N.D. Ill. 2022). In his Complaint, Plaintiff brings miscellaneous claims against Jackson County officials for mistreatment he endured during his detention there in 2020. (Doc. 1, pp. 1-8). He seeks money damages and "injunctive relief for prospective injuries."[1] (*Id*. at 8).

---

[1] Plaintiff's request for injunctive relief as it pertains to Jackson County Jail is **MOOT**. Plaintiff is no longer housed at the Jail, and he describes no plans to return there. He has since transferred into IDOC custody and been housed at Chester Mental Health Facility and Dixon Correctional Center. He should bring any request for injunctive relief as it pertains to his current facility in a separate action altogether, if he deems the relief necessary.

1

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires this Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  The factual allegations of the *pro se* complaint are liberally construed at this stage.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the allegations, Plaintiff endured multiple violations of his constitutional rights at Jackson County Jail, including the denial of treatment for mental health issues, the unwarranted use of force by staff, and a failure to protect him from harm inflicted by other inmates. (Doc. 1, pp. 1-8).

On September 5, 2020, Plaintiff ripped a hole in his mattress while suffering from untreated mental health issues.  Defendants were aware of his mental health problems and his treatment with psychotropic medications.  Rather than calling on mental health professionals to neutralize the situation or simply deducting the cost of the mattress from his account, Deputies Hill and Rushing used excessive force against him.  Deputy Hill verbally threatened him, and Deputy Rushing shot him with a taser gun, leaving the prongs in his hand and stomach for an impermissibly long time. Plaintiff sustained wounds that caused significant pain and required medical treatment.  (*Id.*).

A short time later, Lieutenant Spradling broke Plaintiff's finger.  Plaintiff claims that this was done in retaliation for the events described above and because he shook his food tray in the chuckhole door.  (*Id.*).

In retaliation for all of the above-described events, Defendants intentionally placed Plaintiff in harm's way. At the time, Plaintiff was subject to a "stay away" order because he was labeled a "snitch" for testifying against Jawan Jackson for the murder of Plaintiff's brother in 2018. After he was labeled a "snitch," Plaintiff became the target of other inmates at the Jail. The sheriff's deputies were aware of this label and the related stay away order. Plaintiff also reminded them about the order at booking. (*Id*.).

Following his "altercations" with Hill, Rushing, and Spradling, Plaintiff was transferred to P block. While there, another inmate attacked him and broke his nose for being a snitch. Defendants then moved Plaintiff into a more dangerous situation, by transferring him into Cell 339 with Jawan Jackson's brother. Even after Plaintiff reminded Defendants of the stay away orders and pleaded for a transfer into a safer cell, the defendants forced him to remain in Cell 339. (*Id*.).

The "separate but related" traumas he endured at Jackson County Jail caused mental health problems that resulted in his transfer to Chester Mental Health Facility, where he endured more abuse. He now suffers from heightened states of emotional distress, post-traumatic stress disorder, depression, anxiety, bipolar disorder, and suicidal ideations. (*Id*.).

## Preliminary Dismissal

Jackson County Sheriff's Office shall be dismissed with prejudice. This defendant is not a "person" or a suable entity under 42 U.S.C. § 1983. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnick*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)). Although Plaintiff likely intended to name the municipality instead, the Complaint articulates no claim upon which relief may be granted against Jackson County. *Id*. In order to obtain relief against a municipality, Plaintiff must allege that the constitutional deprivations resulted from an official policy, custom, or practice of the county.

*Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 69-91 (1978); *see also Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009). The allegations suggest no such thing, so the Jackson County Sheriff's Office shall be dismissed without prejudice.

### Discussion

The Court finds it appropriate to designate the following six (6) counts in the *pro se* Complaint:

**Count 1:** Eighth or Fourteenth Amendment claim against Defendants for denying Plaintiff adequate mental health treatment at Jackson County Jail on or around September 5, 2020;

**Count 2**: Eighth or Fourteenth Amendment claim against Defendant Hill for verbally threatening Plaintiff for tearing a hole in his mattress on or around September 5, 2020;

**Count 3**: Eighth or Fourteenth Amendment claim against Defendant Rushing for using excessive force against Plaintiff by shooting him with a taser gun and leaving the prongs embedded in his hand and stomach on or around September 5, 2020;

**Count 4:** Eighth or Fourteenth Amendment claim against Defendant Spradling for using excessive force against Plaintiff by breaking his finger;

**Count 5:** Eighth or Fourteenth Amendment claim against Defendants for failing to protect Plaintiff from an excessive risk of harm to his health or safety when they transferred him to P block, where an inmate broke his nose, and to Cell 339, where Jawan Jackson's brother was also housed; and

**Count 6:** First Amendment claim against Defendants for retaliating against Plaintiff on or around September 5, 2020.

**Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Counts 1 through 5**

Counts 1 through 5 are governed by different legal standards that depend on Plaintiff's status as a pretrial detainee or convicted prisoner when his claims arose. If he was a pretrial detainee, Plaintiff's claims are controlled by the Fourteenth Amendment Due Process Clause, which prohibits all forms of punishment of detainees. *See Kingsley v. Henderson*, 576 U.S. 389 (2015) (articulating applicable standard for pretrial detainee's excessive force claim); *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018) (articulating applicable standard for pretrial detainee's claim of inadequate medical care). To state a claim under the Fourteenth Amendment, a pretrial detainee must set forth facts suggesting that each defendant "acted purposefully, knowingly, or perhaps even recklessly" in response to conditions posing an excessive risk to his health or safety and that the defendant's actions were "objectively reasonable" based on "the totality of the facts and circumstances faced by the individual." *Miranda*, 900 F.3d at 352-54; *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018). If he was a convicted prisoner, these claims are controlled by the Eighth Amendment, which prohibits cruel and unusual punishment of prisoners. The Eighth Amendment requires a showing of a sufficiently serious deprivation (an objective standard) and deliberate indifference by the defendant (a subjective standard). *See Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To state a claim under either amendment, Plaintiff must set forth allegations showing each defendant's personal involvement in a constitutional deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

Application of either standard to these claims yields the same result: **Count 1** survives screening against Defendants Hill, Rushing, and Spradling for denying Plaintiff adequate mental health treatment at the Jail on or around September 5, 2020; **Count 3** survives screening against

Defendant Rushing for using unauthorized force against Plaintiff by shooting him with a taser gun and leaving the prongs embedded in his hand and stomach on or around September 5, 2020; **Count 4** survives review against Defendant Spradling for breaking Plaintiff's finger on or around the same date; and **Count 5** survives screening against Defendants Hill, Rushing, and Spradling for failing to protect Plaintiff from an excessive and known risk of harm when they transferred him to P block, where an inmate broke his nose, and to Cell 339, where he was housed with Jawan Jackson's brother, on or around September 5, 2020. **Counts 1, 3, 4,** and **5** survive screening against those defendants named in connection with each claim above.

However, **Count 2** lacks sufficient detail to support a claim against Defendant Hill, regardless of the standard. According to the allegations, this defendant made unspecified verbal threats on September 5, 2020. Although she did so just before Defendant Rushing shot Plaintiff with a taser gun, her actual involvement in this use of force is not altogether clear. Plaintiff has not developed this claim factually. He has not indicated what Hill actually said or did. The allegations suggest a possible, but not plausible, claim against Hill, and this is not enough to survive screening. Accordingly, **Count 2** shall be dismissed without prejudice against Hill.

## Count 6

**Count 6** shall be dismissed because the allegations support no claim of retaliation under the First Amendment. To establish a prima facie case of retaliation, a plaintiff "must demonstrate that (1) his conduct was constitutionally protected; and (2) his conduct was a substantial factor or motivating factor in the defendant's challenged actions." *Abrams v. Walker,* 307 F.3d 650, 654 (7th Cir.2002). In the Complaint, Plaintiff does not allege that he engaged in any protected conduct; he maintains that it was his *mis*conduct (*e.g.*, tearing a hole in the mattress and shaking his food tray in the chuckhole door) that motivated the retaliation against him. Tearing apart a

mattress and shaking a food tray are not activities protected by the First Amendment. Given this, **Count 6** shall be dismissed against all defendants without prejudice.

### Pending Motion

Plaintiff's Motion for Attorney Representation (Doc. 4) is **DENIED without prejudice**. When the Court is presented with a request for counsel by an indigent litigant, it must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case, both factually and legally, exceeds his capacity as a layperson to present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

Plaintiff has shown some efforts to find counsel to represent him in this matter, but he has not yet satisfied the Court that these efforts were reasonable or sufficient. Plaintiff merely placed three asterisks on a list of outgoing contacts and indicated that he has not heard back from the firms or attorneys listed. The dates of these contacts were March 14, 2022, and he filed this suit in late May 2022. However, without a copy of the written communications or summary of its contents, the Court cannot assess whether he actually sought representation *in this case*. He should provide a copy of any written communications sent to or received from attorneys he contacted about representation in this matter *or* summarize them for the Court in his next motion.

At this stage, Plaintiff also appears capable of representing himself. He is a high school graduate who is taking psychotropic medication for mental health conditions. However, he has adequately stated four claims, and this lawsuit is being served on the defendants. Once they answer or respond to the Complaint, the Court will enter a scheduling and discovery order with deadlines and instructions for litigation. If Plaintiff deems litigation too difficult as this case proceeds, he may file a new motion for recruitment of counsel.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows:

- **COUNTS 1** and **5** survive screening against **LARANA HILL, KYLE SPRADLING,** and **GARY RUSHING**;

- **COUNT 3** survives screening against **GARY RUSHING**; and

- **COUNT 4** survives screening against **KYLE SPRADLING**.

**IT IS ORDERED** that **COUNT 2** against Defendant **LARANA HILL** and **COUNT 6** against **ALL DEFENDANTS** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. In addition, **JACKSON COUNTY SHERIFF'S OFFICE** is **DISMISSED** without prejudice for the same reason.

**IT IS ORDERED** that Plaintiff's request for injunctive relief as it pertains to Jackson County Jail is **DISMISSED as MOOT**.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **LARANA HILL** and **JACKSON COUNTY SHERIFF'S OFFICE** as parties in CM/ECF and **ENTER** this Court's standard HIPAA Qualified Protective Order.

With respect to **COUNTS 1, 3, 4,** and **5**, the Clerk is **DIRECTED** to prepare for Defendants **LARANA HILL, KYLE SPRADLING,** and **GARY RUSHING**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk should mail these forms and a copy of the Complaint (Doc. 1) and this Memorandum and Order Severing Case to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps

to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 12/19/2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**