**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

CLEOPHAS GAINES, Jr., #B85683,     )
                                    )
     **Plaintiff,**              )
                                      )
**vs.**                             )     Case No. 22-cv-01112-JPG
                                      )
OFFICER LARANA HILL,        )
KYLE SPRADLING,              )
and GARY RUSHING,          )
                                      )
     **Defendants.**           )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for a decision on a request for sanctions in a Motion to Compel (Doc. 32) and Motion for Sanctions (Doc. 36) filed by Defendants Larana Hill, Kyle Spradling, and Gary Rushing. Plaintiff filed no response in opposition to the motions and, for the reasons set forth below, shall be sanctioned with dismissal of this action.

**Background**

Plaintiff Cleophas Gaines, Jr., is an inmate at Dixon Correctional Center. He filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for miscellaneous constitutional deprivations that occurred at Jackson County Jail on September 5, 2020. (Doc. 1, pp. 1-8). Following screening of this matter under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with four claims under the Eighth or Fourteenth Amendments: Count 1 against Hill, Rushing, and Spradling for denying Plaintiff adequate mental health treatment; Count 3 against Rushing for using unauthorized force against him; Count 4 against Spradling for breaking Plaintiff's finger; and Count 5 against Hill, Rushing, and Spradling for failing to protect him from a known risk of harm when they transferred

1

him to P block, where an inmate broke his nose, and to Cell 339, where he was housed with Jawan Jackson's brother.  (Doc. 19).

After all defendants answered the Complaint on February 17, 2023, the Court entered an Initial Scheduling Order setting deadlines and instructions for litigation of these claims.  (Doc. 31). According to it, the parties were required to make certain initial disclosures.  Plaintiff was ordered to produce the following information to Defendants by March 22, 2023: (1) the names of persons with knowledge of the incidents and a short description of the subject of their knowledge; (2) a statement of the injuries Plaintiff has suffered and the relief he seeks; and (3) a signed release for medical records.  *Id*.  Defendants were required to produce their initial disclosures to Plaintiff by April 6, 2023, and file a motion for summary judgment on the issue of exhaustion of administrative remedies by June 22, 2023.  *Id*.  All discovery on the merits of Plaintiff's claims was stayed until the Court ruled on the motion for summary judgment.  *Id*.  The Court made clear that "**[f]ailure to follow this Order may result in sanctions, including dismissal of the case.**"  *Id*. at 1 (emphasis in original).

Defendants filed a Motion to Compel on June 14, 2023, after Plaintiff failed to produce his initial disclosures and also failed to respond to Defendants' written interrogatories and requests for production of documents (non-merits) mailed April 19, 2023.  (Doc. 32).  Defendants outlined their efforts to informally resolve the matter, by mailing Plaintiff a letter to notify him of the missed deadlines on May 22, 2023.  *Id*. at ¶ 6.  They emphasized that they needed this information before filing for summary judgment by June 22, 2023.  *Id*. at ¶ 7.  Defendants requested an Order to compel the production of this information, amend the scheduling order, or dismiss this action.  *Id*.

On June 15, 2023, the Court entered the following show cause order:

> ORDER TO SHOW CAUSE. Plaintiff is ORDERED to SHOW CAUSE on or before June 29, 2023, why 32 Defendants' Motion to Compel Plaintiff to Provide Discovery Disclosures and Responses to Written Discovery (non-merits) should not be granted. Plaintiff is WARNED that failure to respond to this Show Cause Order may result in sanctions that include granting the motion and/or dismissing this case for failure to comply with a court order and for failure to prosecute his claims. See Fed. R. Civ. P. 41. Defendants' 23 Motion to Modify 31 Initial Scheduling Order is GRANTED, as follows: the deadline to file dispositive motions re: exhaustion of administrative remedies is EXTENDED to JULY 21, 2023. All other scheduling deadlines remain in effect.

(Doc. 33).

Plaintiff failed to respond to the show cause order by the deadline of June 29, 2023, and the Court entered an Order granting, in part, and deferring, in part, the motion to compel. (Doc. 35). According to the Court's Order, Plaintiff was required to produce his initial disclosures and discovery responses to Defendants no later than July 21, 2023. *Id*. Defendants' summary judgment deadline was extended to August 21, 2023, and the Court deferred a decision about sanctions until after the response deadline expired. *Id*.

When Plaintiff again failed to respond by the deadline of July 21, 2023, Defendants filed the instant motion for sanctions on August 17, 2023. (Doc. 36). The Court gave Plaintiff one final opportunity to respond:

> ORDER: Plaintiff's deadline for filing a response in opposition to the 36 Motion for Sanctions is August 31, 2023. Plaintiff is WARNED that failure to respond shall result in imposition of sanctions that may include dismissal of this action, assessment of attorney's fees, and/or assessment of costs associated with this motion. See FED. R. CIV. P. 41.

(Doc. 37). Plaintiff filed no response, and more than a week has passed since this final deadline expired.

## **Discussion**

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to impose sanctions on a party for disobeying an order to provide or permit discovery. FED. R. CIV. P. 37(b)(2)(A).

A list of sanctions is set forth in Rule 37 and includes dismissal of an action. FED. R. CIV. P. 37(b)(2)(A)(v). Whether and what sanctions to impose against a litigant are matters within the discretion of this Court. *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019). The sanctions must be proportionate to the circumstances presented. *Id*. at 569.

The Court finds that dismissal is a proportionate and appropriate sanction for Plaintiff's consistent and ongoing violations of Court Orders regarding discovery. To date, he has violated four Court Orders, including the Initial Scheduling Order entered February 21, 2023 (Doc. 31), Order to Show Cause entered June 15, 2023 (Doc. 33), Order Granting in part and Deferring in Part Motion to Compel entered July 6, 2023 (Doc. 35), and Order for Response entered August 21, 2023 (Doc. 37). He has not responded to a single one and, in the process, has failed to produce his initial disclosures or discovery responses to Defendants. In doing so, Plaintiff has delayed the litigation of his claims and impeded Defendants' ability to move for summary judgment on the issue of exhaustion. In fact, Plaintiff has taken no steps to move this case forward. This case has stalled out for over six months due to his own inaction.

The Court will not allow this matter to linger any longer. Plaintiff has abandoned his claims. Under the circumstances, the action shall be dismissed with prejudice as a sanction for Plaintiff's repeated and consistent failure to respond to the Court's Orders (Docs. 31, 33, 35, and 37). *See* FED. R. CIV. P. 41(b).

### Disposition

**IT IS ORDERED** that Defendants' request for sanctions, including the dismissal of this action, in the Motion to Compel (Doc. 32) and Motion for Sanctions (Doc. 36) is **GRANTED**. This action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with multiple

Court Orders (Docs. 31, 33, 35, and 37) spanning six months and his failure to prosecute his claim(s) herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  9/8/2023**                                s/J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **United States District Judge**

5